

**ENTERED**
**01/27/2012**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|   |   |   |
|---|---|---|
| IN RE | ) | |
| | ) | |
| LASHEA DENISE PHILLIPS, | ) | CASE NO. 11-33725-H3-13 |
| | ) | |
| Debtor, | ) | |
| | ) | |

MEMORANDUM OPINION

       The court has held a trial on the "Objection to Claim #4 of Bank of America" (Docket No. 44) filed by the Debtor.  The parties presented no witnesses, but rather presented documentary evidence and a written stipulation (Docket No. 63).  The following are the Findings of Fact and Conclusions of Law of the court.  A separate conforming Judgment will be entered.  To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such.  To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

       Lashea Denise Phillips ("Debtor") filed a voluntary petition in the instant case under Chapter 13 of the Bankruptcy Code on April 29, 2011.

On December 19, 2002, Debtor executed a note payable to America's Wholesale Lender, with a maturity date of January 1, 2033. (Claimant's Exhibit 4).

Prior to the instant case, Debtor was the debtor in Case No. 04-45387-H3-13 (the "First Case").

In the First Case, Debtor's plan was confirmed. The plan provided, with respect to the claim of Countrywide,[1] that Debtor would pay an arrearage claim of $8,303.16 through the Chapter 13 Trustee, over 60 months. The plan in the First Casa did not state, but implied, that Debtor was to pay the regular monthly mortgage payments directly to Countrywide. (Debtor's Exhibit 3).

The order confirming the plan in the First Case contained a notation indicating that Debtor was to pay the regular monthly mortgage payments directly to Countrywide. (Debtor's Exhibit 4).

Debtor and Claimant have stipulated that Debtor made all the payments required to be made to the Chapter 13 Trustee under the plan in the First Case, and that the Chapter 13 Trustee disbursed to Claimant all of the funds they were due for the prepetition arrearage claim in the First Case.

---

[1] Bank of America ("Claimant"), to whose claim Debtor objects in the instant objection, is the successor to Countrywide, and is apparently the successor to America's Wholesale Lender.

Debtor and Claimant have stipulated that Debtor did not make all the regular monthly mortgage payments that Debtor was to have paid directly to Claimant under the plan in the First Case. They have stipulated that, during the 60 month period from December, 2004 through November, 2009, Debtor made a total of 33 direct payments to Claimant, leaving a payment delinquency of $40,963.25 as of November 1, 2009.

Claimant filed a proof of claim in the instant case, stating a an arrearage amount of $102,052.31.  (Claimant's Exhibit 8).  Debtor and Claimant have stipulated that Claimant's Exhibit 8 contains a detailed loan history from the inception of the loan through April, 2011.

In the First Case, after payments Debtor was to pay to the Trustee under the plan were complete, the Chapter 13 Trustee filed a notice indicating that Debtor had made all the payments Debtor was required to make to the Chapter 13 Trustee.  (Debtor's Exhibit 5).  On February 2, 2010, the court entered a discharge in the First Case.  (Debtor's Exhibit 6).

In the instant claim objection, Debtor asserts that the discharge entered in the First Case bars collection of the payments that became due during the First Case.  Claimant contends that the discharge does not bar such collection.

Conclusions of Law

Section 1328(a) of the Bankruptcy Code, as it was in effect on the petition date of the First Case, provided:

> (a) As soon as practicable after completion by the debtor of all payments under the plan, unless the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter, the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under Section 502 of this title, except any debt--
>
> > (1) provided for under section 1322(b)(5) of this title;
> >
> > (2) of the kind specified in paragraph (5), (8), or (9) of section 523(a) of this title; or
> >
> > (3) for restitution, or a criminal fine, included in a sentence on the debtor's conviction of a crime.

11 U.S.C. § 1328(a) (2004).

Section 1322(b)(5) of the Bankruptcy Code, as it was in effect on the petition date of the First Case, provided:

> (b) Subject to subsections (a) and (c) of this section, the plan may--
>
> > * * *
> >
> > (5) notwithstanding paragraph (2) of this subsection, provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due.

11 U.S.C. § 1322(b)(5) (2004).

In the First Case, the last payment due on the note was due after the date on which the final payment to the Chapter 13 Trustee under the plan was due. The court concludes that the

4

note was within the purview of Section 1322(b)(5) in the First Case, and thus, pursuant to Section 1328(a)(1), the debt was not discharged in the first case.  The court concludes that the claim should be allowed as filed.

Based on the foregoing a separate Judgment will be entered allowing the claim as filed.

Signed at Houston, Texas on January 27, 2012.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE